



JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

FRANK MERCADO, individually and as administrator of the Estate of DAVID MERCADO, and EVELYN MERCADO,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, JOHN DOE CORRECTION OFFICERS ##1-5, PRISON HEALTH SERVICES, INC., MICHAEL CATALANO, C.E.O. OF PRISON HEALTH SERVICES, INC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE MEDICAL DIRECTOR TREVOR PARKS, DEPARTMENT OF HEALTH AND MENTAL HYGIENE PROGRAM DIRECTOR REBECCA PINNEY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE DEPUTY COMMISIONER JAMES CAPOZIELLO, DEPARTMENT OF HEALTH AND MENTAL HYGIENE MEDICAL DIRECTOR DOCTOR BENJAMIN OKONTA, PRISON HEALTH SERVICES, INC., EMPLOYEES ##1-5

                Defendants.
-------------------------------------------------------------- x

**COMPLAINT AND JURY DEMAND**

ECF CASE



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seeks relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and the constitution of the State of New York.

2. The claim arises from a December 20, 2007 incident in which employees of the New York City Department of Correction ("D.O.C.") and of Prison Health Services, Inc. ("P.H.S."), acting under color of law, were deliberately indifferent to the serious medical needs of David Mercado, leading to his wrongful death.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs FRANK MERCADO and EVELYN MERCADO are the parents of decedent DAVID MERCADO, who died without issue.

8. Prior to the commencement of this action, plaintiff FRANK MERCADO was granted letters of limited administration for the estate of decedent DAVID MERCADO, by order of the Honorable Robert M. DiBella, acting surrogate of the County of Westchester.

9. In bringing this action against the above named defendants, plaintiff FRANK MERCADO acts in his individual capacity and in his representative capacity on behalf of the estate of David Mercado.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. D.O.C. Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of D.O.C. and, as such, was a policy maker with respect to choosing which healthcare professionals to service the jails and other facilities on Riker's Island and other D.O.C. facilities. On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters, including supervision over the performance by healthcare providers, including the defendants here referenced. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of the standards of medical care being met, or not, by the healthcare providers. Defendant Horn is sued in his official capacity.

12. The City of New York delegates to the Department of Health and Mental Hygiene (D.O.H.M.H.) the responsibility of providing medical care for prisoners. D.O.H.M.H. has contracted with P.H.S. to satisfy that responsibility. Correctional Health Services ("C.H.S.") is an agency under the control of D.O.H.M.H. to oversee the services provided by P.H.S.

13. DEPUTY COMMISSIONER JAMES CAPOZIELLO ("Capoziello") and DR. BENJAMIN OKONTA ("Okonta") were, at all times here relevant, employees of C.H.S. within D.O.H.M.H. and, as such, were policy makers with respect to medical treatment, as well as supervisors of direct medical care provided by P.H.S. MEDICAL DIRECTOR TREVOR PARKS ("Parks") and PROGRAM DIRECTOR PINNEY ("Pinney") were, at all times here relevant, employees of P.H.S. and, as such, were policy makers with respect to medical treatment as well as supervisors of direct medical care provided by P.H.S.

14. P.H.S. is a private corporation that delivers healthcare and pharmaceutical services to jails and prisons across the country to over 185,000 prisoners and detainees. P.H.S.

3

has been the healthcare and pharmaceutical services provider for D.O.C. jails since 2001. P.H.S. is sued in its individual corporate capacity.

15. MICHAEL CATALANO ("Catalano") is the Chief Executive Officer of P.H.S., and as such, is responsible for accountability, providing quality healthcare, and meeting professional standards of healthcare services in the institutions that P.H.S. services. Catalano was the C.E.O. of P.H.S. on or about December 20, 2007.

16. P.H.S. EMPLOYEES ##1-5 are employees of P.H.S. who were directly responsible for David Mercado's medical and mental health care while he was in D.O.C. custody, and are sued in their individual capacities. JOHN DOE CORRECTION OFFICERS ##1-5 are D.O.C. employees who were directly responsible for David Mercado custody and care while he was in D.O.C. custody, and are sued in their individual capacities.

17. At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

18. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## CERTIFICATE OF MERIT

19. Pursuant to CPLR §3012-a, a Certificate of Merit is attached, affirming that plaintiff has spoken with at least one doctor and has a reasonable basis to bring a medical malpractice cause of action.

## JOINT LIABILITY

4

20. This action falls within one or more of the exceptions set forth in CPLR §1602.

## FACTUAL ALLEGATIONS

21. On December 18, 2007, decedent David Mercado was arraigned on a felony complaint in Queens County Criminal Court. At that arraignment, the attorney assigned to represent David Mercado observed obvious signs of suicidal behavior in David Mercado, signs that the attorney had been trained to observe. Based on his observations, the attorney requested that the arraigning judge, Judge Gene Lopez, order a "suicide watch" upon setting bail on David Mercado, which Judge Lopez granted.

22. The "suicide watch" ordered by Judge Lopez required D.O.C. to enact certain medical treatment and observation that would have prevented David Mercado from killing himself. Nevertheless, and despite receiving actual notice of Judge Lopez' order that David Mercado be placed on suicide watch, no such watch was enacted by the D.O.C., or by P.H.S. employees working within D.O.C. to provide medical care to inmates entering D.O.C. custody.

23. On approximately December 20, 2007, David Mercado hung himself while in D.O.C. custody. He was discovered hanging, and taken to Elmhurst Hospital, where he was treated until he died, on December 30, 2007, from his injuries.

24. P.H.S. and D.O.C employees had responsibility for screening David Mercado upon his D.O.C. intake and ensuring that he received adequate medical care. Their failures to give David Mercado medical care for his serious medical needs, mainly, psychological and/or psychiatric treatment and observation, was only one of a long line of well publicized medical and mental health failures by D.O.C. and P.H.S.

25. D.O.H.M.H. has continued to retain P.H.S. to provide medical care for D.O.C. inmates despite a long history of well publicized failures on the part of P.H.S. to provide

adequate medical and mental health care to the patients it has treated throughout the country.

26. As a direct and proximate result of the acts of defendants, David Mercado suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

    c. Conscious, needless physical pain and suffering,

    d. Emotional trauma and suffering, including fear, extreme emotional distress and horror;

    e. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

27. The above paragraphs are here incorporated by reference.

28. Defendants acted under color of law to deprive David Mercado of his civil, constitutional and statutory rights to be free from unreasonable seizures and to due process of law pursuant to the Fourteenth and Fourth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. § 1983 and §§ 6 and 12 of the New York State Constitution.

29. John Doe Correction Officers 1-5, the City of New York, Prison Health Services, and P.H.S. employees 1-5 had actual knowledge of David Mercado's serious medical needs, and were deliberately indifferent to those needs.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

30. The above referenced paragraphs are here incorporated by reference.

31. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

32. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

33. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano knew or should have known of the numerous and well-publicized failures of Prison Health Services in delivering professional health care services in correctional institutions.

34. The aforesaid event was not an isolated incident. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano have been aware for some time (from newspaper articles, internal and external reviews, investigations, lawsuits, notices of claim and inmate complaints) that P.H.S. continually has failed to perform under its contracts to provide adequate healthcare in the prisons and jails it services. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano have insufficiently addressed or corrected P.H.S. for inadequately performing under its contract and have renewed its contract with the City despite P.H.S.'s failure to meet reasonable standards of care in the medical community. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights and medical malpractice. Despite such notice, The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano have failed to take corrective action. This failure and these policies caused the violations of plaintiff's civil and constitutional rights, without fear of reprisal or loss of contract renewal.

35. The City, Catalano, Warden Gonzalez, Deputy Commissioner Capoziello,

Medical Director Okonta, Medical Director Parks, and Program Director Pinney knew or should have known that the personnel who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Catalano, Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks, and Program Director Pinney failed to take corrective action.

36. The City, Catalano, Warden Gonzalez, Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks, and Program Director Pinney have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

37. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

38. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano had actual and constructive knowledge of the constitutional deprivations but demonstrated deliberate indifference by failing to act. The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving deliberate indifference to serious medical needs of prisoners.

39. Plaintiff has been damaged as a result of the wrongful, deliberately indifferent and illegal acts of the The City, Horn, Parks, Pinney, Capoziello, Okonta, and Catalano.

40. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City, Catalano, and the Commissioners to the constitutional

rights of persons within New York City, and caused the violations of plaintiff's constitutional rights.

41. The City, Catalano, and the Commissioners have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving denial of mental health care.

### THIRD CAUSE OF ACTION
(MEDICAL MALPRACTICE)

42. The preceding paragraphs are here incorporated by reference.

43. P.H.S., Catalano, Pinney, Capoziello, Okonta, and P.H.S. employees ##1-5 agreed and undertook faithfully, skillfully, diligently and carefully, and in accordance with approved and accepted standards of practices, procedures and techniques and the customs and common usages prevailing in hospitals and health treatment settings, to sell, furnish and supply proper, necessary and indicated care, treatment, attention and supervision to D.O.C. inmates, including David Mercado, and to sell, furnish, supply, provide and make available the necessary and indicated personnel and services here alleged.

44. Plaintiffs relied on the accreditation and contract of P.H.S. and its employees and between P.H.S. and D.O.H.M.H. and the protection and safeguards afforded by them when admitted to the D.O.C.

45. At all times here mentioned P.H.S. controlled and supervised the personnel in Rikers Island who rendered and failed to render treatment to prisoners.

46. The defendant doctors, physicians' assistants, nurses, pharmacists, and other medical and pharmaceutical staff of Prison Health Services owed plaintiffs a duty of care to provide David Mercado with mental health care in accordance with the accepted standards of

9

care in the community and to use in their evaluation and care of David Mercado approved methods in general use, to use reasonable care and skill, and to use their best judgment in the evaluation and care of plaintiff.

47. Defendants City of New York, P.H.S., Catalano, Pinney, Capoziello, Okonta, and P.H.S. Employees 1-5, their agents, servants, partners and employees were negligent in the treatment, services and care rendered to and on behalf of David Mercado; in failing to use reasonable care in the services and care rendered to an on behalf of David Mercado; in failing to timely diagnose and treat David Mercado; in failing to prescribe proper medications; in failing to heed his condition; in failing to perform indicated procedures; in improperly performing indicated procedures; in failing to take a history and physical and mental examination of David Mercado; in failing to take a proper history and physical and mental examination of David Mercado; in failing to properly and adequately document David Mercado's medical and/or psychological and/or psychiatric condition; in failing to administer indicated diagnostic tests; in failing to properly interpret diagnostic tests; in failing to perform indicated treatments; in improperly performing indicated treatments; in failing to properly diagnose the condition of David Mercado; in the failure of its non-medical/secretarial staff to report David Mercado's complaints to the medical staff, medical personnel and physicians; in the failure of its non-medical staff to adequately and accurately report David Mercado's complaints to the medical staff, medical personnel and physicians; in failing to initiate and administer adequate and proper follow-up care to David Mercado; in negligently departing from good and accepted medical practice and procedures then and there prevailing in services rendered to David Mercado; in failing to heed or appreciate the significance of the signs and symptoms exhibited by David Mercado; in improperly prescribing medication; in improperly administering medication; in

failing to timely refer David Mercado to specialists; in failing to properly treat David Mercado's condition; and in otherwise being negligent, careless, and reckless in the diagnosis and treatment of David Mercado.

48. The medical treatment rendered to David Mercado by Defendants City of New York, P.H.S., Catalano, Pinney, Capoziello, Okonta, and P.H.S. Employees 1-5, their agents, servants, partners and employees was performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

49. By reason of the above, David Mercado sustained great pain, agony, injury, suffering, disability, hospitalization, and death, as well as mental anguish and emotional distress, and was damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

50. All preceding paragraphs are here incorporated by reference.

51. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

52. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION
(NEGLIGENCE)

53. All preceding paragraphs are here incorporated by reference.

54. Defendants City of New York, Horn, and John Doe Correction Officers ##1-5 had a duty to David Mercado to promptly and accurately assess his medical, psychological, and psychiatric conditions, and to accurately record any important information concerning his medical, psychological, and psychiatric conditions and ensure that David Mercado received treatment for such conditions.

55. Defendants City of New York, Horn, and John Doe Correction Officers ##1-5 repeatedly breached that duty.

56. Defendants' breaches actually and proximately caused plaintiff's suicide.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to City of New York)

57. The above paragraphs are here incorporated by reference.

58. Defendant Correction Officers ##1-5 had a negligent disposition and the City of New York knew or should have known of facts that would have led reasonable and prudent people to further investigate Correction Officers ##1-5's negligent dispositions through the hiring process.

59. Defendant City of New York knew or should have known that their failure to investigate defendant Correction Officers ##1-5's negligent dispositions would lead to plaintiff's injury.

60. Defendant City of New York was negligent in its hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to act negligently.

## SEVENTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to P.H.S.)

61. The above paragraphs are here incorporated by reference.

62. P.H.S. Employees ##1-5 had a negligent disposition and P.H.S. knew or should have known of facts that would have led reasonable and prudent people to further investigate P.H.S. Employees ##1-5's negligent dispositions through the hiring process.

63. Defendant P.H.S. knew or should have known that their failure to investigate P.H.S. Employees ##1-5's negligent dispositions would lead to plaintiff's injury.

64. Defendant P.H.S. was negligent in hiring and retaining P.H.S. Employees ##1-5 in that they knew or should have known of P.H.S. Employees ##1-5's propensity to act negligently.

65. Defendant P.H.S. has deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

## EIGHTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to City of New York, and PHS)

66. The above paragraphs are here incorporated by reference.

67. Defendant P.H.S. had a record of negligence and defendant City of New York knew or should have known of facts that would have led reasonable and prudent people to further investigate P.H.S.'s record of negligence.

68. Defendant City of New York knew or should have known that its failure to investigate defendant P.H.S.'s negligent record would lead to plaintiff's injury.

69. Defendant City of New York was negligent in its contracting and retaining the P.H.S. defendant involved in this case in that it knew or should have known of the corporation's propensity to act negligently.

70. Defendant City of New York has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC § 1983 and the New York State Constitution.

### NINTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR as to City of New York and John Doe Correction Officers ##1-5)

71. The above paragraphs are here incorporated by reference.

72. Defendant John Doe Correction Officers ##1-5's deliberately indifferent and negligent tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

73. As a result of defendants' John Doe Correction Officers ##1-5's tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

### TENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to City of New York and P.H.S.)

74. The above paragraphs are here incorporated by reference.

75. Defendant P.H.S.'s intentional and negligent tortious acts were undertaken within the scope of its contract by defendant City of New York and in furtherance of the defendant City of New York's interest.

76. As a result of defendant P.H.S.'s tortious conduct in the course of its contract and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

### ELEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to P.H.S. and its staff)

77. Defendants P.H.S. employees ##1-5's deliberately indifferent and negligent tortious acts were undertaken within the scope of their employment by defendant P.H.S. and in

furtherance of the defendant P.H.S.'s interest.

78. As a result of defendants P.H.S. employees ##1-5's tortious conduct in the course of their employment and in furtherance of the business of defendant P.H.S., plaintiffs were damaged.

## TWELFTH CAUSE OF ACTION
### (SURVIVAL ACTION)

79. All preceding paragraphs are here incorporated by reference.

80. David Mercado was denied medical attention by defendants.

81. David Mercado was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

82. David Mercado filed no action during his lifetime, but under the laws of the State of New York, this action survives and may be asserted by his estate.

83. Plaintiffs Frank Mercado and Evelyn Mercado claim damages for the conscious pain and suffering and necessary medical expenses incurred by David Mercado prior to his death.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff for $10,000,000 for each cause of action;

B. Awarding plaintiff punitive damages in an amount exceeding the jurisdictional limits of all the lower courts for each cause of action,

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         March 17, 2008

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Department of Correction Commissioner
      Martin Horn
      60 Hudson Street
      New York, NY 10013

      Deputy Commissioner James Capoziello
      New York City Correctional Health
      Services
      225 Broadway 23rd Fl
      New York, NY 10007

      Medical Director Dr. Benjamin Okonta
      New York City Correctional Health
      Services
      225 Broadway 23rd Fl
      New York, NY 10007

      Prison Health Services, Inc.
      125 White St
      New York, NY 10013

      Michael Catalano, CEO
      Prison Health Services, Inc.
      105 Westpark Dr. Suite 200
      Brentwood TN 37027

      Medical Director Trevor Parks
      Prison Health Services Corporation
      125 White Street
      New York, NY 10013

      Program Director Rebecca Pinney
      Prison Health Services Corporation
      125 White Street

Yours, etc.,

ANDREW B. STOLL (AS8808)
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

FRANK MERCADO, individually and as administrator of the Estate of DAVID MERCADO, and EVELYN MERCADO,

                                          Plaintiffs,     **CERTIFICATE OF MERIT**

        -against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, JOHN DOE CORRECTION OFFICERS ##1-5, PRISON HEALTH SERVICES, INC., MICHAEL CATALANO, C.E.O. OF PRISON HEALTH SERVICES, INC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE MEDICAL DIRECTOR TREVOR PARKS, DEPARTMENT OF HEALTH AND MENTAL HYGIENE PROGRAM DIRECTOR REBECCA PINNEY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE DEPUTY COMMISIONER JAMES CAPOZIELLO, DEPARTMENT OF HEALTH AND MENTAL HYGIENE MEDICAL DIRECTOR DOCTOR BENJAMIN OKONTA, PRISON HEALTH SERVICES, INC., EMPLOYEES 1-5

          ECF CASE

                                          Defendants.
------------------------------------------------------------------- x

I, Andrew B. Stoll, plaintiffs' attorney in this action, have consulted with at least one doctor who is knowledgeable on the relevant issue and I have concluded that there is a reasonable basis for the commencement of this action.

Pursuant to CPLR 3012-a, I affirm this Certificate of Merit under penalties of perjury.

March 17, 2008

Andrew B. Stoll, AS8808
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn NY 11217
P. 718 852-3710
astoll@stollglickman.com

17