UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANK MERCADO, individually and as administrator of
the Estate of DAVID MERCADO, and EVELYN
MERCADO,

                Plaintiffs,                                      08 CV 2855 (Judge Jones)

       - against -                                              **ANSWER**

THE CITY OF NEW YORK, DEPARTMENT OF            **TRIAL BY JURY**
CORRECTION COMMISSIONER MARTIN F. HORN,       **DEMANDED**
JOHN DOE CORRECTION OFFICERS ##1-5, PRISON
HEALTH SERVICES, INC., MICHAEL CATALANO,
C.E.O. OF PRISON HEALTH SERVICES, INC.,
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE MEDICAL DIRECTOR TREVOR PARKS,
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE PROGRAM DIRECTOR REBECCA PINNEY,
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE DEPUTY COMMISSIONER JAMES
CAPOZIELLO, DEPARTMENT OF HEALTH AND
MENTAL HYGIENE MEDICAL DIRECTOR DOCTOR
BENJAMIN OKONTA, PRISON HEALTH SERVICES,
INC., EMPLOYEES ##1-5

                Defendants.
------------------------------------------------------------------------X

       Defendant REBECCA PINNEY, by her attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, Of Counsel to Richard Levy, General Counsel of New York City Health and Hospitals Corporation, upon information and belief, answers the complaint herein as follows:

       **AS AND TO THE SECTION DESIGNATED "PRELIMINARY STATEMENT"**

       FIRST: Denies the allegations contained in the paragraphs of the complaint designated "1" through "3" insofar as the allegations pertain to the answering defendant and

526053.1

otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED "JURISDICTION"

SECOND: Denies the allegations contained in the paragraphs of the complaint designated "4" through "6" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED "PARTIES"

THIRD: Denies the allegations contained in the paragraphs of the complaint designated "7" through "17" insofar as the allegations pertain to the answering defendant, except admits that at certain times not specifically set forth in the complaint REBECCA PINNEY was a program director at Prison Health Services, Inc. and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED "NOTICE OF CLAIM"

FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "18" and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED "CERTIFICATE OF MERIT"

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "19" and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

526053.1

### AS AND TO THE SECTION DESIGNATED "JOINT LIABILITY"

SIXTH:  Denies the allegations contained in the paragraph of the complaint designated "20."

### AS AND TO THE SECTION DESIGNATED "FACTUAL ALLEGATIONS"

SEVENTH:  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "21" through "23" and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

EIGHTH:  Denies the allegations contained in the paragraphs of the complaint designated "24" through "26" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE FIRST CAUSE OF ACTION

NINTH:  Answering the paragraph of the complaint designated "27," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "26" with the same force and effect as if herein set forth at length.

TENTH:  Denies the allegations contained in the paragraphs of the complaint designated "28" and "29" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECOND CAUSE OF ACTION

ELEVENTH:  Answering the paragraph of the complaint designated "30," defendant repeats and realleges each and every denial and admission in answer to the paragraphs

526053.1

of the complaint designated "1" through "29" with the same force and effect as if herein set forth at length.

TWELFTH: Denies the allegations contained in the paragraphs of the complaint designated "31" through "41" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE THIRD CAUSE OF ACTION

THIRTEENTH: Answering the paragraph of the complaint designated "42," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "41" with the same force and effect as if herein set forth at length.

FOURTEENTH: Denies the allegations contained in the paragraphs of the complaint designated "43" through "49" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE FOURTH CAUSE OF ACTION

FIFTEENTH: Answering the paragraph of the complaint designated "50," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "49" with the same force and effect as if herein set forth at length.

SIXTEENTH: Denies the allegations contained in the paragraphs of the complaint designated "51" and "52" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations

526053.1

and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE FIFTH CAUSE OF ACTION

SEVENTEENTH:  Answering the paragraph of the complaint designated "53," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "52" with the same force and effect as if herein set forth at length.

EIGHTEENTH:  Denies the allegations contained in the paragraphs of the complaint designated "54" through "56" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE SIXTH CAUSE OF ACTION

NINETEENTH:  Answering the paragraph of the complaint designated "57," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "56" with the same force and effect as if herein set forth at length.

TWENTIETH:  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "58" through "60."

## AS AND TO THE SEVENTH CAUSE OF ACTION

TWENTY-FIRST:  Answering the paragraph of the complaint designated "61," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "59" with the same force and effect as if herein set forth at length.

526053.1

TWENTY-SECOND: Denies the allegations contained in the paragraphs of the complaint designated "62" through "65" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE EIGHTH CAUSE OF ACTION

TWENTY-THIRD: Answering the paragraph of the complaint designated "66," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "65" with the same force and effect as if herein set forth at length.

TWENTY-FOURTH: Denies the allegations contained in the paragraphs of the complaint designated "67" through "70" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE NINTH CAUSE OF ACTION

TWENTY-FIFTH: Answering the paragraph of the complaint designated "71," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "70" with the same force and effect as if herein set forth at length.

TWENTY-SIXTH: Denies the allegations contained in the paragraphs of the complaint designated "72" and "73."

526053.1

## AS AND TO THE TENTH CAUSE OF ACTION

TWENTY-SEVENTH: Answering the paragraph of the complaint designated "74," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1 through "73" with the same force and effect as if herein set forth at length.

TWENTY-EIGHTH: Denies the allegations contained in the paragraphs of the complaint designated "75" and "76" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE ELEVENTH CAUSE OF ACTION

TWENTY-NINTH: Answering the paragraph of the complaint designated "77," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "76" with the same force and effect as if herein set forth at length.

THIRTIETH: Denies the allegations contained in the paragraphs of the complaint designated "77" and "78" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE TWELFTH CAUSE OF ACTION

THIRTY-FIRST: Answering the paragraph of the complaint designated "79," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "78" with the same force and effect as if herein set forth at length.

526053.1

THIRTY-SECOND: Denies the allegations contained in the paragraphs of the complaint designated "80" through "83" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## FOR A FIRST DEFENSE

THIRTY-THIRD: That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiffs, plaintiffs' decedent and/or decedent's distributees were caused, in whole or in part, by the culpable conduct of plaintiffs, plaintiffs' decedent and/or decedent's distributees and without any negligence on the part of defendant. Damages, if any, are to be diminished proportionally to the culpable conduct of the plaintiffs, plaintiffs' decedent and/or decedent's distributees.

## FOR A SECOND DEFENSE

THIRTY-FOURTH: That the equitable share of liability, if any, of defendant REBECCA PINNEY, shall be determined pursuant to the provisions of Article 16 of the CPLR.

## FOR A THIRD DEFENSE

THIRTY-FIFTH: That one or more of the causes of action in the complaint fail to state a cause of action upon which relief may be granted.

## FOR A FOURTH DEFENSE

THIRTY-SIXTH: Plaintiffs are not proper party plaintiffs and this action is therefore a nullity.

526053.1

## FOR A FIFTH DEFENSE

THIRTY-SEVENTH: This action is barred or defendant is entitled to a set-off against any award herein as plaintiffs have previously recovered sums for all or part of the damages claimed herein.

## FOR A SIXTH DEFENSE

THIRTY-EIGHTH: The amount of alleged damages claimed by plaintiffs should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

## FOR A SEVENTH DEFENSE

THIRTY-NINTH: That defendant denies that it is liable in any way to plaintiffs under any legal theory because of the doctrine of immunity, whether qualified, sovereign, statutory or otherwise.

## FOR A EIGHTH DEFENSE

FORTIETH: That plaintiffs are not entitled to recover damages in this action under 42 U.S.C. §1983.

## FOR A NINTH DEFENSE

FORTY-FIRST: Plaintiffs may not properly assert a cause of action against the answering defendant for violation of 42 U.S.C. §1983.

## FOR A TENTH DEFENSE

FORTY-SECOND: That the occurrence alleged in plaintiffs' complaint was caused, contributed to and brought about, in whole or in part, by the conduct of persons over whom this defendant exercised no supervision or control, including the plaintiff, such conduct amounting to contributory negligence, and the damages and injuries otherwise recoverable by plaintiffs, if any, should be diminished in proportion to which such person(s)' conduct bears to

526053.1

the conduct which caused plaintiff's injuries and damages, if any, pursuant to the decisional and statutory laws of the State of New York and the United States in such cases made and provided.

### FOR A ELEVENTH DEFENSE

FORTY-THIRD:  That this defendant alleges and states that plaintiffs' claim for relief is barred, because plaintiff and plaintiff's representatives assumed the risk and were fully cognizant of any and all circumstances surrounding the events that gave rise to this action.

### FOR A TWELFTH DEFENSE

FORTY-FOURTH:  That this defendant alleges and states that there were intervening and superseding acts and occurrences over which it had no control and which caused any claimed injuries of plaintiff.

### FOR A THIRTEENTH DEFENSE

FORTY-FIFTH:  That this defendant denies any and all allegations of plaintiffs' complaint not specifically admitted herein.

### FOR A FOURTEENTH DEFENSE

FORTY-SIXTH:  That this defendant reserves the right to amend its answers and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

WHEREFORE, defendant REBECCA PINNEY, demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
       May 19, 2008

526053.1

                    Respectfully submitted,

                    HEIDELL, PITTONI, MURPHY & BACH, LLP
                    Of Counsel to Richard Levy, General Counsel of
                    New York City Health and Hospitals Corporation

By: _____
                    PAUL S. HABERMAN (PH 2771)
                    Attorneys for Defendant
                    REBECCA PINNEY
                    Office & P.O. Address
                    99 Park Avenue
                    New York, New York  10016
                    (212) 286-8585

TO:    Andrew B. Stoll, Esq.
        STOLL, GLICKMAN & BELLINA, LLP
        Attorneys for Plaintiffs
        71 Nevins Street
        Brooklyn, New York  11217
        (718) 852-3710

526053.1